UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONETTE GALLUZZO,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Civ. No. 16-1446 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Antonette Galluzzo brings this action pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–434. Galluzzo suffers from panic attacks and manic depression. On June 27, 2014, Administrative Law Judge ("ALJ") Joel Friedman concluded that her impairments were real, but not disabling.

I find no fault with the ALJ's thorough and conscientious analysis. At the time he heard the case, however, the record lacked certain key treatment notes. From July 20, 2009 to October 11, 2011 Cindy Gelber, a licensed clinical social worker, treated Galluzzo at the Center for Revitalizing Psychiatry ("CRP"). About eight months of those records overlap with the alleged onset date, February 10, 2011. Because these are primary treatment records, they would have been especially relevant to the issues before the ALJ. (R. 516-575)

The ALJ's failure to obtain the Galluzzo's CRP records is understandable. At the time of the hearing, Galluzzo was proceeding *pro se*, and several key pieces of evidence, including a consultative examination, were missing from the

1

record. The ALJ conscientiously left the record open, ordered the production of several absent treatment records, and requested a consultative examination. The ALJ did not, however, specifically note the absence of the CRP records or order their production.

While ALJs are not required to "search out all relevant evidence which might be available", they do owe pro se claimants a special obligation to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Reefer v. Barnart*, 326 F.3d 376, 381 (3d Cir. 2003). The CRP records are undeniably relevant. The doctor who completed a treating source assessment identified herself as a CRP employee. She noted in her report that Galluzzo's first "visit" to CRP was "7/10/09," and that she had "weekly" visits. (R. 359-64) Elsewhere in his decision, the ALJ noted that Galluzzo "was previously treated by a private psychiatrist." (R. 34) These were fertile grounds for further factual development, especially for a claimant alleging that her mental illness was disabling. The ALJ should have inquired, explored, and obtained Galluzzo's CRP records.

Based on the record before the ALJ, his denial of benefits appears to be amply justified. It is not for me, however, to consider the CRP records and decide whether they should change the agency's decision. Whether the CRP records change his mind is an issue for the ALJ to decide in the first instance. For now, however, it is sufficient to find that the ALJ had an obligation to develop fully and fairly the record for Galluzzo, who was then proceeding pro se. *See Dobrowolsky v. Califano*, 60 F.2d 403, 408-409 (3d Cir. 1979) (remanding case to ALJ where "important aspects of [claimant's] claim were not adequately considered at the hearing" and specifically noting the claimant's "lack of legal counsel at the hearing.") I will remand for that purpose.

## CONCLUSION

For these reasons, the matter will be REMANDED to the ALJ for further proceedings. The ALJ shall consider the relevant CRP records, and may develop the record further, if appropriate. I do not suggest that the ALJ could not reach the same result on remand. If these additional records demonstrate disabling functional restrictions, the ALJ may so find. If, on the other hand, substantial evidence indicates that Galluzzo's panic attacks and manic depression do not rise to the level of a disabling condition, the ALJ may so find.

Dated: September 5, 2017

KEVIN MCNULTY
**United States District Judge**